## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

### CASE NO. 1:17-cv-00654

ANDREW TAKESHI TAKANO,

    Plaintiff,

v.

SUPER STEAM OF AUSTIN, INC.,

    Defendant.

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff ANDREW TAKESHI TAKANO by and through undersigned counsel, brings this Complaint against Defendant SUPER STEAM OF AUSTIN, INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff ANDREW TAKESHI TAKANO ("Takano"), who resides in Austin, Texas, brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Takano's original copyrighted works of authorship.

2. Takano is a photographer and cinematographer who specializes in time lapse photography; in particular, a specialized type of time lapse called "hyperlapse." Hyperlapse is a complicated and time consuming technique that involves taking still photographs from a tripod, moving the set-up a few inches between each photo, and then applying sophisticated computer post-production procedures to edit the photographs and assemble them into films. His process is tedious and relies on precision and concentration, not elaborate equipment or trick shots.

3. Takano maintains a website to showcase his work called High Field Media at www.highfieldmedia.com. Among the works showcased there is a 2014 work by Takano entitled "Riding the Light." "Riding the Light" is Takano's third solo hyperlapse cityscape project, building on the techniques he honed in "Sleepwalking Austin" and "Spectral Austin." Described as "a flying winter journey around downtown Austin," Takano shot "Riding the Light" mostly during the winter of 2013-2014. The film is the product of many late nights and early mornings Takano spent shooting in the coldest conditions Austin has to offer, as well as many long hours in front of a computer screen.

4. Takano's website posts a detailed copyright notice reserving all rights to his photographs and videos. On the "Contact" page, Takano's website states prominently:

**Copyright Notice**

All images, videos, and other materials appearing on this web site, unless noted otherwise, are the exclusive property of Andrew Takano and are protected under United States and International Copyright laws. The images, videos, and other materials may not be reproduced, copied, transmitted or manipulated without the written permission of Andrew Takano. These copyright laws impose substantial penalties for infringement, and violators will be prosecuted to the full extent of the law.

The use of any images, videos, or other materials included herein, in whole or in part, for any purpose other than the private purpose of viewing them online, including, but not limited to, copying, reproduction, publication (including on Internet Web Sites including third party web pages by any means, including "hotlinking," storage in a retrieval system (other than internet browser), manipulation (digital or otherwise), or transmitted in any form or by any means, electronic, mechanical, photocopying, recording or otherwise, is expressly prohibited without the written permission of Andrew Takano. All artistic and moral rights of the author are hereby asserted.

Physical copies of photographs, videos, and other materials purchased by the user may not be reproduced, scanned, or copied without the written permission of Andrew Takano.

> All inquiries regarding licensing and usage rights must be directed
> to Andrew Takano using the contact form.

5. Defendant SUPER STEAM OF AUSTIN, INC. is carpet, upholstery and air duct cleaning and emergency water damage clean up business.

6. Takano alleges that SUPER STEAM OF AUSTIN, INC. copied Takano's copyrighted work from the internet in order to advertise, market and promote its business activities. The Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Defendant's businesses.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendant is subject to personal jurisdiction in Texas.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANTS

11. SUPER STEAM OF AUSTIN, INC. ("Super Steam") is a corporation with its principal place of business at 2174 Pflugerville East Rd., Pflugerville, Texas, 78660, and can be served by serving its Registered Agent, David E. Carter, 2210 South 57th Street, Temple, Texas, 76501.

## THE COPYRIGHTED WORK AT ISSUE

12. In 2014, Takano created one of the many time lapse photographs featured in "Riding the Light," a stunning photograph of the Austin sky at sunset entitled "Twilight on 9th Street." "Twilight on 9th Street" is used by Takano in "Riding the Light" and as the featured still image to promote "Riding the Light" to interested viewers. "Twilight on 9th Street" is shown below and referred to herein as the "Work".



13. At the time he created the Work, Takano applied his copyright management information to the Work consisting of the name of his website HIGHFIELDMEDIA.COM in the lower right hand corner of the photograph. Takano also posted the Work on his website at http://highfieldmedia.com/blog/2014/2/18/monday-evening-stroll.

14. Takano registered the Work with the Register of Copyrights on April 25, 2014 and was assigned the registration number Vau 1-165-775. The Certificate of Registration is attached hereto as Exhibit 1.

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

15. At all relevant times Takano was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

16. The Defendant has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

18. Defendant copied Takano's copyrighted Work without Takano's permission.

19. After Defendant copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its carpet, upholstery and duct cleaning and emergency water damage clean up business.

20. Defendant copied and distributed Takano's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21. Takano's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

22. Defendant committed copyright infringement of the Work as evidenced by Exhibit 2.

23. Takano never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

24. When Super Steam copied and displayed the Work at issue in this case, Super Steam removed Takano's copyright management information from the Work.

25. Takano never gave Defendant permission or authority to remove copyright management information from the Work at issue in this case.

26. Plaintiff notified the Defendant of the allegations set forth herein on June 3, 2016. A copy of the Notice to the Defendant is attached hereto as Exhibit 3. To date, Defendant has failed to respond to Plaintiff's Notice.

27. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

28. Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Takano owns a valid copyright in the Work at issue in this case.

30. Takano registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31. Super Steam copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Takano's authorization in violation of 17 U.S.C. § 501.

32. Super Steam performed the acts alleged in the course and scope of its business activities.

33. Takano has been damaged.

34. The harm caused to Takano has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

35. Plaintiff incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

36. The Work at issue in this case contains copyright management information ("CMI").

37. Super Steam knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the works at issue in this action in violation of 17 U.S.C. § 1202(b).

38. Defendant committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Takano's rights in the works at issue in this action protected under the Copyright Act.

39. Defendant caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Andrew TakanoAndrew Takano's rights in the works at issue in this action protected under the Copyright Act.

40. Takano has been damaged.

41. The harm caused to Takano has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Super Steam of Austin, Inc. that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 5, 2017                     Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL 33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Andrew Takano*