UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANDREW TAKESHI TAKANO,<br>*Plaintiff* | § § § | |
| v. | § § | Case No. 1:17-cv-00654-RP |
| SUPER STEAM OF AUSTIN, INC.,<br>*Defendant* | § § § | |

## ORDER

Now before the Court is Plaintiff's Motion to (1) Compel Defendant and Robert Miller to Answer Written Interrogatories and (2) Deem Requests for Admission Admitted, filed March 13, 2023 (Dkt. 20). By Text Order entered April 20, 2023, the District Court referred the Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.  Background

Plaintiff Andrew Takano brought claims for copyright infringement and removal of copyright management information against Defendant Super Steam of Austin, Inc. ("Super Steam"). On December 14, 2017, the District Court entered a final default judgment against Super Steam and awarded Takano $122,921.15 in statutory damages, attorney's fees, and costs. Dkt. 17. Takano's counsel sent Super Steam a letter demanding payment of the money judgment on October 25, 2022, but the judgment remains unsatisfied. Dkt. 51-1 (Culpepper Dec.) ¶¶ 3, 7.

On December 30, 2022, Takano served Super Steam with written interrogatories and requests for admission to which Super Steam failed to respond. Takano now moves to compel responses to the interrogatories and for an order deeming his requests for admission admitted and awarding him attorney's fees and costs. Super Steam has not appeared in this case and did not file a response.

1

## II. Legal Standard

Rule 69(a)(2) provides that a judgment creditor, "[i]n aid of the judgment or execution . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

> The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor. The discovery must be relevant to that purpose, however, and may not be used in order to harass the judgment debtor or any third parties.

13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 69.04 (2008); *see also* 12 RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 3014 (WRIGHT & MILLER) (3d. ed. May 2, 2023 update) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution."). The scope of post-judgment discovery is "very broad." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## III. Analysis

Takano served the interrogatories and requests for admission by sending the discovery requests via first class mail to the last known addresses of Robert Miller. Takano's counsel avers that Miller is believed to be an officer of Super Steam because Super Steam's website domain name was

registered to Miller and public records show that Miller registered several fictious business names, including "Austin Supersteam," "Austin Super Steam Carpet," and "Austin Super Steam Carpeting Cleaning," and is associated with one of Super Steam's addresses. *Id.* ¶¶ 6, 8-9.

The Court finds that Takano has presented competent evidence that Miller is an officer of Super Steam and the discovery requests were properly served on him. The interrogatories fall within the permissible scope of post-judgment discovery as they seek to identify assets from which the judgment can be satisfied. Accordingly, the Court **GRANTS** Takano's motion compel and **ORDERS** Super Steam to respond to the interrogatories **on or before August 14, 2023**.

The Court further finds that Takano's requests for admission should be deemed admitted. Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Because Super Steam failed to respond within 30 days of being served, the Court **GRANTS** Takano's motion to deem the requests for admission admitted.

Takano also requests that the Court award attorney's fees and expenses incurred in obtaining this order under Rule 37(a)(5). The Court finds that Takano attempted in good faith to confer with Super Steam to obtain responses to the discovery requests and that Super Steam's failure to respond was not substantially justified. As the Court finds no other reason that an award of expenses would be unjust, the Court **ORDERS** that Super Steam shall bear the reasonable expenses incurred in bringing this motion. Takano is directed to submit a supplemental declaration detailing his fees and costs **on or before August 14, 2023**.

**SIGNED** on July 13, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE