# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ANDREW TAKESHI TAKANO,** § <br> *Plaintiff* § <br> § <br> **v.** § <br> § <br> **SUPER STEAM OF AUSTIN, INC.,** § <br> *Defendant* § | Case No. 1:17-cv-00654-RP |

## ORDER

Now before the Court is Plaintiff's Notice of Submission of Supplemental Declaration of Counsel, filed July 25, 2023 (Dkt. 22) as directed in the Court's Order on Plaintiff's Motion to Compel (Dkt. 21).[1]

## I. Background

Plaintiff Andrew Takano sued Defendant Super Steam of Austin, Inc. ("Super Steam") for copyright infringement. The District Court granted a default judgment to Takano, who served post-judgment discovery on Super Steam. Super Steam responded to neither the discovery requests nor Takano's Motion to Compel. The Court granted the Motion to Compel and ordered Super Steam to bear the reasonable expenses Takano incurred in bringing the motion under Rule 37(a)(5)(A). Takano requests $3,264 in attorney's fees and costs.

## II. Legal Standard

Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

---

[1] By Text Order entered April 20, 2023, the District Court referred Plaintiff's Motion to Compel to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

expenses incurred in making the motion, including attorney's fees." Courts in the Fifth Circuit apply the lodestar method to calculate attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Id.* "There is a strong presumption of the reasonableness of the lodestar amount." *Id.*

After calculating the lodestar amount, a court may increase or decrease the fee award based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Black*, 732 F.3d at 502.

### III.  Analysis

Takano requests $2,812.50 in attorney's fees for 6.25 hours of work at an hourly rate of $450 per hour, as well as $451.50 in costs.

**A. Attorney's Fees**

To establish a reasonable hourly rate, courts look to the prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The relevant community is "the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation omitted). This Court sits in Austin, Texas.

---

[2] The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Takano's attorney, Kerry S. Culpepper, submitted a declaration attesting that $450 per hour is a reasonable rate for a solo practitioner specializing in intellectual property, particularly electrical and computer software technology. Dkt. 22-1 (Culpepper Decl.) ¶ 4. Culpepper, who has been licensed to practice law since 2000, avers that he has experience in copyright, trademark, and patent infringement litigation, has served as a delegate for the American Intellectual Property Law Association ("AIPLA"), and has twice lectured at National Association of Patent Practitioners conferences. *Id.* ¶ 5.

Culpepper attests that his hourly rate of $450 is near the 2016 mean hourly rate of $378 for a solo practitioner specializing in electrical technologies listed in the AIPLA 2017 Report of the Economic Survey. *Id.* ¶ 6. The AIPLA survey is "routinely relied upon in intellectual property cases to determine the reasonableness of fee requests." *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 855 (E.D. Tex. 2017). The most recent AIPLA survey lists the average hourly billing rate for a solo practitioner in Texas as $423. AIPLA REPORT OF THE ECONOMIC SURVEY 2021, at I-25.

Culpepper is in Hawaii and does not provide information related to the prevalent rates in Austin. Nonetheless, the Court finds that the requested rate is in line with prevailing rates for copyright infringement practitioners of reasonably comparable skill, experience, and reputation in the Austin community. *See Aberle v. GP Clubs, LLC*, No. 1:19-cv-1066-RP, 2020 WL 4035074, at *5 (W.D. Tex. July 17, 2020) (finding $390 per hour to be reasonable market rate in Austin for copyright litigation), *R. & R. adopted*, Dkt. 16 (W.D. Tex. Aug. 3, 2020).

A party seeking attorney's fees also must show "the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Black*, 732 F.3d at 502. Under Rule 37, a party and its counsel "can only be held responsible for the reasonable expenses including attorney's fees caused by their failure to comply with discovery." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir.

2002). This excludes "fees incurred for the underlying discovery requests" because they "were not caused by any failure to comply." *Id.* After reviewing Culpepper's billing records, the Court finds that 1.25 hours to prepare the Motion to Compel and confer with Defendant is reasonable.

Takano also requests fees for five hours of earlier work on the case, including preparing a demand for payment of judgment and drafting the underlying post-judgment discovery requests. The Court finds that Takano is not entitled to an award of fees for time spent working on the case before Super Steam failed to respond to the post-judgment discovery requests. *Tollett*, 285 F.3d at 368; *Williams v. Best Temp. Servs., LLC*, No. 3:14-CV-484-D, 2015 WL 12763508, at *2 (N.D. Tex. June 17, 2015). Therefore, the Court excludes five hours Takano requests for earlier work. No other adjustments to the lodestar are necessary.

### B. Costs

Takano seeks an award of costs, including costs incurred before service of the discovery requests and the cost to serve Super Steam with the Court's Order granting Takano's Motion to Compel. As stated, a party is entitled to an award of expenses incurred "in making the motion." FED. R. CIV. P. 37(a)(5)(A). None of the costs requested were incurred in bringing the Motion to Compel, and the Court finds that no costs should be awarded.

### IV.  Conclusion

For these reasons, the Court finds that Takano should be awarded attorney's fees in the amount of $562.50. The Court **ORDERS** Super Steam to pay Takano $562.50 **by September 14, 2023**.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on August 21, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE